IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**JERRY F. STRAHAN II,**

**Defendant.**                                                     No. 05-30027-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Defendant's motion for order modifying restitution imposed as part of criminal sentence pursuant to Title 18 U.S.C. § 3664(k) (Doc. 286).[1] On February 23, 2007, the Court sentenced Strahan to a total term of Life imprison for drug charges (Doc. 229). That same day, the Clerk of the Court entered Judgment reflecting the same (Doc. 230). Thereafter, Strahan filed his notice of appeal on March 2, 2007 (Doc. 238). Because the case is currently "at" the Court of Appeals and no mandate has issued, this Court lacks jurisdiction to grant the relief sought by Strahan. In ***Kusay v. United States of America*, 62 F.3d 192 (7th Cir. 1995)**, the Seventh Circuit acknowledged:

> A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case

---

[1] The Court notes that Strahan's motion refers to restitution. However, the Court did not order Strahan to pay restitution. The Court ordered Strahan to pay a special assessment of $200.00 and a fine of $1,000.00. Thus, the Court assumes that Strahan is moving to modify the special assessment and the fine.

> simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Id.* at 193, *quoting Griggs v. Provident Consumer Discount Co.*, **459 U.S. 56, 58 (1982)**. As this rule applies only to "those aspects of the case involved in the appeal," the district court *may* -- while a case is on appeal -- award attorneys' fees and address ancillary questions like costs, registration of judgments and motions for certificates of probable cause. **Id.**

Here, however, Strahan's motion is directed straight to the merits of the sentence and Judgment appealed from and falls squarely within the holding of **Kusay**. As that Court explained, "jurisdiction is power to act, and it is essential to have clear rules that define who … possesses this power" at any given time. **Id. at 194**. Those rules strip this Court of jurisdiction while the appeal is pending. Accordingly, this Court **DENIES** Strahan's motion (Doc. 286), because this Court lacks jurisdiction over this matter until the appellate mandate has been issued.

**IT IS SO ORDERED.**

Signed this 17th day of July, 2008.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**